IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHERMAN SOLOMON and
JAMES H. LEWIS,

    Plaintiffs,
v.                                                        CASE NO. 5:12-cv-235-RS-GRJ

KEEFE COMMISSARY NETWORK, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

      This Sherman Act claim was initiated by two inmates, both of whom are housed at the Apalachee Correctional Institution in Sneads, Florida. (Doc. 1.) Only one plaintiff, Mr. Solomon, has sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) by filing a motion for leave to proceed in forma pauperis. (Doc. 2.) The plaintiffs have also filed a motion to proceed as a class action and a motion for appointment of class counsel. (Docs. 3, 4.)

      The Prison Litigation Reform Act of 1995 ("PLRA") requires that a prisoner bringing a civil action *in forma pauperis* pay the full filing fee. 28 U.S.C. § 1915(b). The law in the Eleventh Circuit expressly prohibits prisoners seeking to proceed in forma pauperis from joining together as plaintiffs in a single law suit. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001). Each prisoner is required to file his own lawsuit and pay the full amount of the filing fee. This applies whether "such association of plaintiffs is construed as governed by the joinder provisions of Rule 20 or the class action provisions of Rule 23, as the effect of either aggregation of plaintiffs [violates] the filing

fee requirement of the Prison Litigation Reform Act as expressed in *Hubbard*." *Garcia v McNeil*, no. 4:07-cv-474-SPM/WCS, 2010 WL 4818067 *1 (N.D. Fla. Nov. 22, 2010)(C.J. Mickle).  As the Eleventh Circuit noted in *Hubbard*, requiring each plaintiff to pay the full filing fee is consistent with Congress' purpose of imposing costs on prisoners to deter frivolous suits.  *Id*. at 1197-98.  If, as in this case, multiple plaintiffs seek to file a joint complaint, dismissal without prejudice to refiling the claims in separate lawsuits is appropriate.  *Id*.

  Accordingly, it is respectfully **RECOMMENDED**:

(1)  That the complaint, Doc. 1, be dismissed without prejudice to Plaintiffs' right to proceed in separate lawsuits.

(2)  That the Plaintiff's Motion to Proceed in Forma Pauperis, Doc. 2, be denied as moot.

(3)  That the Plaintiff's Motion to Proceed as a Class Action, Doc. 3, be denied as moot.

(4)  That the Plaintiff's Motion to Appoint Class Counsel, Doc. 4, be denied as moot.

**IN CHAMBERS**  this 26th day of July 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 5:12-cv-235-RS-GRJ*